Harriette R. DOWNEY, et al., Plaintiffs,

v.

Michael A. CLAUDER,
et al., Defendants.

No. C–1–90–413.

United States District Court,
S.D. Ohio, W.D.

July 30, 1992.

Mark Alan Vander Laan, Dinsmore & Shohl, Cincinnati, OH, for plaintiffs.

Michael Edward Maundrell, Rendigs, Fry, Kiely & Dennis, James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co. LPA, Cincinnati, OH, for defendant Michael A. Clauder.

Michael Edward Maundrell, Rendigs, Fry, Kiely & Dennis, Cincinnati, OH, for defendant Ross Jung Phillips Clauder & Carson Co LPA.

Richard Alan Bernat, Jeffrey James Staley, James Burdette Helmer, Jr., Helmer, Lugbill & Whitman, Co., for defendants Inter–Continental Management and J.R. Williams Inv. Co.

John W. Douglas, pro se.

## ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

SPIEGEL, District Judge.

This matter is before the Court on the defendant Michael A. Clauder's motion to enforce the settlement agreement (doc. 69), which is opposed by the plaintiff (doc. 70), and to which the defendant has replied (doc. 71).

### BACKGROUND

The present suit began on May 24, 1990 when Harriette R. Williams Downey filed a Complaint against her former attorney, Michael Clauder. Mrs. Downey alleged, *inter alia*, that Mr. Clauder did not represent her properly in his duties as her attorney. The parties settled this litigation with the assistance of the Court at an in-chambers conference on December 19, 1991. As part

of the settlement, the Court entered a judgment (doc. 65) on December 30, 1991 against Mr. Clauder on Counts I and II of the Complaint.

On December 23, 1991, Mr. Clauder became aware of a grievance filed on behalf of Mrs. Downey on November 20, 1991 that was still pending with the Cincinnati Bar Association. Mr. Clauder's attorney immediately informed Mrs. Downey and the Court that he refused to sign the settlement agreement unless Mrs. Downey withdrew the grievance concerning his conduct. Consequently, a telephone conference was conducted between the Court, the plaintiff's attorney, the defendant's attorney, and John Slauson, an officer of the Grievance Committee at the Cincinnati Bar Association. At this conference, Mrs. Downey agreed to withdraw the November 20, 1991 grievance at the request of Mr. Clauder. Mr. Clauder had no knowledge of another pending grievance before the Cincinnati Bar Association.

The parties disagree about the scope of the settlement. However, they do not dispute that Mrs. Downey agreed to withdraw her November 20, 1991 grievance on December 23, 1991. Mr. Clauder believes that Mrs. Downey implicitly agreed to withdraw all grievances filed on her behalf, while Mrs. Downey claims that she limited herself to withdrawing only the November 20, 1991 grievance. Mr. Clauder has filed a motion to enforce the agreement. Before the Court can determine whether the settlement should be enforced, the scope of the agreement must be defined.

### DISCUSSION

This Court has the inherent power to enforce settlement agreements. *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76–77 (6th Cir.1985). However, this Court may not modify settlement terms or in any manner re-write agreements reached by the parties. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir.1983).

The question before the Court is whether there was a meeting of the minds about the scope of the settlement agreement. The Court must render the settlement void if no meeting of the minds existed. *See Haller v. Borror Corp.*, 50 Ohio St.3d 10, 13, 552 N.E.2d 207, 210 (1990). Therefore, the Court must determine whether the parties intended to be bound to the same set of terms.

The Court should examine the intent of the parties at the time of contract by looking at the circumstances around which the parties entered the contract. *Firestone Tire & Rubber Co. v. United States*, 444 F.2d 547, 551, 195 Ct.Cl. 21 (1971). Mr. Clauder believed that the settlement was global, and thus would include the withdrawal of all grievances filed by Mrs. Downey with the Cincinnati Bar Association. This conclusion rests upon two facts.

First, Mr. Clauder immediately and strongly objected when he was informed that Mrs. Downey had filed a grievance with the Cincinnati Bar Association that had not been withdrawn. This fact indicates that Mr. Clauder was unaware of other pending grievances, or that he expected all such grievances to be withdrawn as part of the settlement.

Second, Mr. Clauder argues that the settlement is unreasonable if only one of several grievances is withdrawn. Ohio courts have established that a contract should be interpreted to reflect the intention of the parties. *See e.g., Aetna Life Insur. Co. v. Hussey*, 63 Ohio St.3d 640, 644, 590 N.E.2d 724, 727 (1992). The Court must interpret intention from the perspective of a reasonably intelligent person acquainted with the circumstances. *Firestone v. United States*, 444 F.2d at 551. Furthermore, an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part of the contract unreasonable, unlawful, or of no effect. *Alvin, LTD v. United States Postal Serv.*, 816 F.2d 1562, 1564 (1987), citing *Restatement (Second) of Contracts*, § 203a (1981).

In resolving a disputed interpretation of a contract, the principal purpose of the parties, if ascertainable, is given great weight. *Id.* Mr. Clauder settled, in part,

to avoid disciplinary proceedings. If only one of two grievances is withdrawn, the Cincinnati Bar Association will continue its investigation. If all grievances are withdrawn, the likely outcome is that the Cincinnati Bar Association will terminate its investigation. Thus, Mr. Clauder would stand to gain little by insisting that Mrs. Downey withdraw one of the grievances and not the other. Consequently, we conclude that Mr. Clauder must have intended the settlement to include the withdrawal of all grievances, or it would be unreasonable and of little benefit for him to settle the case.

From the previous facts, the Court is convinced that Mr. Clauder intended to enter a global settlement. Also, Mrs. Downey knew or should have known that Mr. Clauder had knowledge only of the November 20, 1991 grievance, given Mr. Clauder's objection to proceeding with the settlement unless her grievance with the Cincinnati Bar Association was withdrawn. The law applicable to this fact scenario is clear:

(2) The manifestations of the parties are operative in accordance with the meaning attached to them by one of the parties if

(a). that party knows of any different meaning attached by the other, and the other knows the meaning attached by the first party; or

(b). that party has no reason to know of any different meaning attached by the other, and the other has reason to know the meaning attached by the first party.

*Restatement (Second) of Contracts* § 20 (1981); *see also Local Union 1395, Int'l Bhd. of Elec. Workers, AFL–CIO v. Nat'l Labor Relations Bd.*, 797 F.2d 1027, 1036 (D.C.Cir.1986) (adopting this section of the *Restatement*); *Perez v. State of Maine*, 760 F.2d 11, 13 (1st Cir.1985) (same). Because Mrs. Downey knew or should have known of Mr. Clauder's ignorance concerning the second grievance, we must interpret the contract against the knowing party. Therefore, all pending grievances should have been withdrawn in accordance with the terms of the settlement.

If proceeding with the second grievance was of importance to Mrs. Downey, then Mrs. Downey's counsel should have disclosed that more than one grievance was pending with the Grievance Committee of the Cincinnati Bar Association. Furthermore, the Court understood that Mrs. Downey, as part of the consideration for the settlement, was withdrawing all complaints filed on her behalf with the Bar Association Grievance Committee. The Court never contemplated that more than one complaint existed and that Mrs. Downey was only agreeing to withdraw one of her complaints.

This Court recognizes that the Cincinnati Bar Association has the authority to investigate conduct which it concludes to be detrimental to the profession whether or not the grievant attempts to withdraw her complaint. *See generally,* Ohio Constitution, Article IV, § 2, B(1)(g); Gov.Bar R. V(6). Thus, this Court in no way seeks to interfere with any action that the Grievance Committee might take in this matter. We conclude, however, that the settlement agreement reached by the parties encompassed the withdrawal of *all* grievances before the Cincinnati Bar Association. Simply put, the parties reached a global settlement.

## CONCLUSION

Counsel for the plaintiff should advise the Grievance Committee on behalf of Mrs. Downey that the second complaint should be withdrawn. Accordingly, the defendant's motion to enforce the settlement agreement is granted.

SO ORDERED.