54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael A. CLAUDER, Plaintiff-Appellant,
v.
Harriette R. Williams DOWNEY, Defendant-Appellee.
 No. 94-3595.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges; and QUIST, District Judge*
 PER CURIAM.
 
 
 1
 This case has a rather tortured history, much of which this Court previously summarized in Downey v. Clauder, 30 F.3d 681 (6th Cir. 1994). In the action before us today, the plaintiff, Michael Clauder, sued the defendant, Harriette Williams Downey, alleging breach of the settlement agreement in the earlier litigation between them. Clauder now appeals the district court's order denying him summary judgment and granting summary judgment to Downey. We affirm.
 
 I.
 
 2
 In an earlier suit in district court, Judge Spiegel presiding, Downey alleged that Clauder had breached his duties as Downey's attorney. The present action involves two mailings to the Cincinnati Bar Association (CBA) made by Downey's attorney, Mark Vander Laan, during that earlier litigation. On May 25, 1990, Vander Laan submitted to the CBA Bar Counsel a copy of the complaint filed in Downey v. Clauder. On November 20, 1991, Vander Laan filed with the CBA Bar Counsel a formal grievance on behalf of Downey, alleging that Clauder was harassing Downey with "annoying correspondence."
 
 
 3
 In December of 1991, the parties agreed to settle Downey v. Clauder. Clauder consented to the entry of a judgment against him and agreed to execute a promissory note in the amount of $150,000 payable to Downey. After learning that the CBA was investigating him, however, Clauder refused to execute the settlement agreement unless Vander Laan withdrew the November 20, 1991 grievance. Vander Laan complied, the parties executed the settlement agreement, and the case was dismissed with prejudice.
 
 
 4
 The CBA, however, initiated an investigation of Clauder based on the civil complaint in Downey v. Clauder, a copy of which had been submitted to it on May 25, 1990. The parties argued over whether the settlement agreement included the May 25, 1990 submission as well as the November 20, 1991 grievance, and Clauder filed a motion to enforce the settlement agreement. Ultimately, in a July 30, 1992 order, Judge Spiegel construed the settlement agreement and ordered Vander Laan to withdraw the May 25, 1990 submission, finding that Clauder "intended to enter a global settlement" and that Downey knew or should have known of Clauder's ignorance concerning the May 25, 1990 submission. Downey v. Clauder, 811 F. Supp. 338, 340 (S.D. Ohio 1992). Vander Laan received the July 30, 1992 withdrawal order on August 3, 1992 and on that day, he had a copy of the order hand-delivered to the CBA Bar Counsel. On August 17, 1992 -- fourteen days after he received the July 30, 1992 withdrawal order -- Vander Laan wrote the CBA and asked them to withdraw his May 25, 1990 submission regarding Clauder. On that same day, the CBA Board of Commissioners filed a formal complaint against Clauder.
 
 
 5
 On December 9, 1992, in response to a motion for sanctions filed by Clauder, Judge Spiegel granted sanctions against Vander Laan for failing to comply with the July 30 withdrawal order in a timely manner, and ordered Vander Laan to pay the legal bills incurred by Clauder in defending against the CBA disciplinary action. Judge Spiegel subsequently vacated the sanctions order, after examining evidence from the CBA and determining that Vander Laan's failure to comply promptly with the July 30, 1992 withdrawal order was not the proximate cause of the CBA disciplinary proceedings because the CBA Grievance Committee had decided on July 17, 1992 that probable cause existed to file a complaint. However, Judge Spiegel then issued a new order, holding Vander Laan in contempt for his delay in complying with the withdrawal order and fining him $5,000.00.
 
 
 6
 On appeal, this Court reversed the contempt order, holding that it was criminal in nature and that Judge Spiegel had not afforded Vander Laan protections required by the Constitution for criminal contempt proceedings. Downey v. Clauder, 30 F.3d 681, 686 (6th Cir. 1994). Further, we held that Vander Laan had not willfully disobeyed a specific court order. Id.
 
 
 7
 Shortly after Judge Spiegel issued the order holding Vander Laan in contempt, and prior to our reversal of that order, Clauder brought this action in district court, alleging that Downey had breached the settlement agreement by not withdrawing the May 25, 1990 submission after entering into the agreement. Judge Rubin granted summary judgment for Downey, holding that she had not breached the settlement agreement because the agreement required only the withdrawal of the November 20, 1991 grievance.
 
 II.
 
 8
 This Court reviews a district court's grant of summary judgment de novo. In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994).
 
 A.
 
 9
 Clauder first contends that a rational trier of fact could find from the evidence that the settlement agreement in Downey v. Clauder included an agreement to withdraw all grievances filed on Downey's behalf, that the May 25, 1990 submission was filed on Downey's behalf, and that if Downey had withdrawn the May 25, 1990 submission, the CBA would have discontinued its disciplinary action against him. Therefore, Clauder contends, in granting summary judgment to Downey, Judge Rubin made findings in regard to those disputed material facts.
 
 
 10
 We disagree. In holding that the settlement agreement required only the withdrawal of the November 20, 1991 grievance, Judge Rubin did not make findings of fact. Rather, he determined as a matter of law that a complaint filed in a district court did not become a "grievance" merely because a copy of that complaint was transmitted to the CBA. Judge Rubin noted that a complaint is a public document and, therefore, the CBA could have obtained Downey's complaint without Vander Laan's aid. Judge Rubin's order does not address Clauder's contention that the CBA would have dropped its disciplinary action had Downey withdrawn the May 25, 1990 submission, and our review of the record persuades us that this contention is purely speculative.
 
 B.
 
 11
 Clauder further contends that Judge Rubin erred in holding that Downey was not precluded from raising defenses in this litigation by Judge Spiegel's determination in his July 30, 1992 withdrawal order that the settlement agreement required withdrawal of the May 25, 1990 submission. Again, we disagree. Judge Rubin correctly held that, because Judge Spiegel's order was not a final judgment on the merits, neither res judicata nor collateral estoppel applied to preclude Downey from raising her defenses to Clauder's breach of contract claims in this case.
 
 
 12
 After Judge Rubin issued his order granting summary judgment in this case, this Court issued its opinion in Downey v. Clauder, holding that Judge Spiegel did not have jurisdiction to enter his July 30, 1992 withdrawal order. Downey, 30 F.3d at 687. We stated:
 
 
 13
 Finally, the district court lacked the authority to enter its July 30 order enforcing the settlement agreement. In ordering Vander Laan to withdraw the complaint filed with the Bar Association, the district court relied on its "inherent power to enforce settlement agreements." The Supreme Court recently recognized, however, that federal courts do not possess such inherent authority. Kokkonen v. Guardian Life Ins. Co. of Am., ___ U.S. ___, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). As the enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit," a claim regarding breach of such an agreement "requires its own basis for jurisdiction." Id. at ___, 114 S. Ct. at 1676. Because the district court here failed to retain jurisdiction over enforcement of the agreement when entering judgment, Clauder's breach of contract claim was properly addressed in a separate proceeding.
 
 
 14
 Id. The present action is that "separate proceeding." Because Judge Spiegel was without jurisdiction to enter the July 30, 1992 withdrawal order, that order can have neither res judicata nor collateral estoppel effect in this proceeding.
 
 C.
 
 15
 Finally, because Judge Spiegel's July 30, 1992 withdrawal order is not binding in this action, Clauder's argument that Judge Rubin should have granted partial summary judgment for Clauder on the issue of liability is meritless.
 
 III.
 
 16
 For the forgoing reasons, we AFFIRM the district court's grant of summary judgment to Downey and denial of summary judgment to Clauder.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation