Huprich, a Minor, Appellee, *v.* Paul W. Varga & Sons, Inc., et al., Appellants.

[Cite as Huprich v. Paul W. Varga & Sons, Inc., 3 Ohio St. 2d 87.]

(No. 38854—Decided July 7, 1965.)

*Messrs. Lane, Huggard & Alton* and *Mr. Jack Alton,* for appellee.

*Messrs. Sebastian, Fais & Durst* and *Mr. Arthur M. Sebastian,* for appellants.

HERBERT, J. The issue in this cause is whether a minor who witnesses an automobile accident at the age of four years is incompetent *as a matter of law* to testify as a witness to such accident, when he has reached the age of 13 years.

During the trial of this cause, counsel for the plaintiff sought to introduce the testimony of Clifford Huprich, a minor and plaintiff-appellee herein, who was four years of age at the time of the accident and 13 years of age at the time of the trial. The minor was the only eye witness to the accident. The minor's father, driver of the automobile in which the minor was a passenger, suffered a head injury as a result of the accident and experienced a failure of memory as to the series of events surrounding the collision.

After the minor was sworn as a witness without objection, the following testimony appears in the record:

"[Plaintiff's counsel]: Will you tell the jury what you recall about the accident?

"A: Well, we were going up to the hill to the barbershop—

"[Defense counsel]: Your Honor, this little boy was four years old, it seems to me this requires an examination by the court at least.

"* * *

"The Court: *I think you should avoid that, a boy four*

*years old, I don't think would have much recollection or clear idea.*

"[Plaintiff's counsel]: If your Honor please, I don't appreciate the court's remark. If the court wants to examine the witness I ask him if he recalls and he can say so.

"The Court: If this had happened last week and he was four years old and came down to testify we wouldn't allow him to testify, *a boy four years old, I can't find any way a child of that age testifying.*

"[Plaintiff's counsel]: There is a specific statute under 10 has to be interrogated by the court. This witness is over 10.

"The Court: But you are asking him something that happened when he was four years old.

"[Plaintiff's counsel]: That is right.

"The Court: *I do not think it is competent.*

"[Plaintiff's counsel]: All right, I will proffer his answer in the record, your Honor. * * *" (Emphasis added.)

Thereupon the witness was excused.

The trial court dismissed the witness on the ground that he was incompetent as a matter of law to testify.

The competence of witnesses is governed by Section 2317.01, Revised Code, which provides as follows:

"All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

It was the duty of the court to conduct an examination to determine the mental capacity of the child, and also to determine whether he was capable of receiving just impressions of "facts and transactions."

This the court failed to do, though urged by counsel to do so. The trial court arbitrarily ruled that "as a matter of law" the child could not testify. In short, it was the duty of the trial court to determine, after examination, the competency of the proffered witness under the provisions of Section 2317.01 of the Revised Code. We are of the opinion that both counsel are entitled to present relevant evidence subject to the control of the trial court as to the mental capacity of the witness to observe

accurately and recollect, including expert witnesses and testimony.

The trial court may then rule on the competency of the witness, bearing in mind that any defect, "in order to disqualify, must be such as substantially negatives trustworthiness." 2 Wigmore, Evidence 585, Section 492.

It appears that the trial court failed to comply with the provisions of the statute, Section 2317.01, Revised Code, to the prejudice of the plaintiff.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

ZIMMERMAN, J., concurring. The majority opinion finds support in the wording of Section 2317.01, Revised Code. However, I doubt whether that statute was designed to cover a situation such as exists in the present case. I am convinced that an average four-year old child is incapable of appreciating and then relating with any degree of accuracy or dependability an event which occurred when he was that age and concerning which event he is called upon to testify at a court trial a number of years later. During the interval there are too many suggestions and influences to which he may have been subjected. Here, the trial judge was probably right from a practical standpoint in declining to question the child as to his competency. Upon the examination of a prospective minor witness as to competency, the trial court should be allowed to exercise wide discretion, and such exercised discretion should not be disturbed by a reviewing court unless it has been palpably abused.

O'NEILL and BROWN, JJ., concur in the foregoing concurring opinion.