OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Clark, Appellee.
[Cite as State v. Clark (1994),     Ohio St.3d    .]
Witnesses -- Competency of child witness -- Evid.R. 601(A), applied.
1.  Under the plain meaning of Evid. R. 601(A), a child witness ho is ten years of age or older at the time of trial, but who was under the age of ten at the time an incident in question occurred, is presumed competent to testify about the event. (Huprich v. Paul W. Varga & Sons [1965], 3 Ohio St.2d 87, 3 O.O.2d 61, 209 N.E.2d 390, overruled.)
2.  A trial judge, in the exercise of his or her discretion, may choose to conduct a voir dire examination of a child witness who is ten years of age or older if the judge has reason to question the child's competency. The decision not to voir dire a child witness under such circumstances will be viewed under an abuse-of-discretion standard. In such circumstances, absent a compelling reason to act otherwise, the failure to conduct a voir-dire examination of a child witness who is ten years of age or older at the time of trial will not constitute reversible error.

(No. 93-2490 -- Submitted November 15, 1994 -- Decided December 30, 1994.)

Certified by the Court of Appeals for Franklin County, No. 93AP-193.

On June 3, 1992, a Franklin County Grand Jury indicted appellee, Roscoe P. Clark, on one count of felonious sexual penetration in violation of R.C. 2907.12, and three counts of gross sexual imposition in violation of R.C. 2907.05. The indictment alleged that the offenses were committed between July 1 or July 4, 1985, and July 31, 1985, involving appellee's then-stepdaughter, Danyal Campbell. Upon recommendation of the prosecutor, the trial judge entered a nolle prosequi as to count one of the indictment (felonious sexual penetration). Following appellee's waiver of a trial by jury, the remaining

three counts of gross sexual imposition were tried before the court beginning December 7, 1992.

During trial, the state's primary witness was the victim, Danyal, who was sixteen at the time of trial. Danyal testified that in 1985, at the age of nine, she resided with her mother and appellee in Columbus, Ohio. Danyal testified that on various occasions during the period of July 4, 1985 to August 1, 1985, she accompanied appellee in his pickup truck to perform various errands, such as picking up iron and aluminum scrap to deliver to junkyards. She stated that while on these errands, appellee drove to Eastland Square where he picked up aluminum from a large dumpster located in a parking lot. On three or four of those occasions, Danyal asserted appellee "would pull over beside the dumpster where there would be no people, and he took his hand down my shirt and from my shirt down to my shorts *** [a]nd then he would touch my vaginal areas."

Danyal further testified that on several occasions appellee drove her to a location near the Olentangy River where "[h]e would do like the same thing, but at Olentangy, he wouldn't go down to my pants. He would just stay like on my chest areas." She claimed that she did not tell anyone about these events because appellee "told me my mom already knew and she would just get mad at me for telling her. *** I was scared. *** He told me that if I told, that he would get me in a lot of trouble and get me put in DH, which is a [juvenile detention] center." During this period, Danyal said she maintained a diary in which she recorded "everything."

Danyal testified that in the summer of 1991, she ran away from home with one of her friends. She claimed that when she returned home two days later, her friend's mother informed Danyal that she had found Danyal's diary and had read the contents. As a result, Danyal stated she burned the diary. Danyal also indicated that at some point her own mother learned of the incidents involving appellee and that she suggested that Danyal seek counseling. Thereafter, Danyal testified that she spoke with a police detective about the abuse to whom she provided detailed information as to the events that had occurred, and the locations at which they had occurred.

At no time during Danyal's testimony or any other stage of the trial did appellee challenge Danyal's competency to testify as to the events which occurred when she was nine years old.

Detective A.J. Bessell, an investigator for the Child Abuse Unit of the Columbus Police Department, also testified on behalf of the state. He related that in February 1992, he met with Danyal concerning her allegations of sexual abuse. During one of their meetings, Detective Bessell stated that Danyal prepared a written description of the events and locations about which she had spoken. He further stated that afterwards, he drove Danyal to the locations she identified as the places where the abuse occurred, namely, the rear of Eastland Square Mall and the rear of 1117 Olentangy River Road.

Upon completion of the state's case-in-chief, John Hamilton, an assistant director of Big Brothers/Big Sisters, testified on behalf of appellee. Hamilton stated that his organization conducts a summer camp in Hocking County, Camp Oty' Okwa. He identified and described several camp records

which indicated that Danyal had attended the camp's session from June 30, 1985, through July 13, 1985. He also testified that it would be highly irregular for a child to leave the camp prior to the end of a session.

Appellee testified on his own behalf. He denied ever taking Danyal to Eastland Square or Olentangy River Road. He denied having engaged in any sexual conduct with his then-stepdaughter. Appellee also claimed that in 1985, he owned a Ford station wagon, not a pickup truck as Danyal had stated.

On January 19, 1993, the trial judge issued an entry in which he found appellee guilty of each of the three counts of gross sexual imposition. The court imposed a determinate sentence of two years as to each count, with all three counts to be served concurrently. The court of appeals reversed the judgment of the trial court finding reversible error in the trial court's failure to conduct an examination of Danyal Campbell to determine whether she was competent to testify about events that occurred when she was nine years old.

Finding its decision to be in conflict with the decisions of the Twelfth District Court of Appeals in State v. Self. (July 29, 1991), Clermont App. No. CA-90-10-099, unreported, and State v. Smith (Dec. 30, 1991), Butler App. No. CA91-06-104, unreported, the appellate court certified the record of the case to this court for review and final determination.

Michael Miller, Franklin County Prosecuting Attorney, Joyce S. Anderson and Michael L. Collyer, for appellant.

Judith M. Stevenson, Franklin County Public Defender, and David L. Strait, Assistant Public Defender, for appellee.

Alice Robie Resnick, J. The sole issue certified for our review is whether a trial court is under a mandatory duty to voir dire a witness, on the question of the witness's competency, when the witness is ten years or older at the time of trial but was under ten years of age at the time of the events giving rise to the witness's testimony. For the reasons which follow, we answer that question in the negative.

Evid. R. 601 sets out the general rule of competency for all witnesses. It states:

"Every person is competent to be a witness except:

"(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.***"

A plain reading of Evid. R. 601(A) leads to the conclusion that the competency of individuals ten years or older is presumed, while the competency of those under ten must be established. State v. Wallace (1988), 37 Ohio St.3d 87, 94, 524 N.E.2d 466, 472. "The rule favors competency, conferring it even on those who do not benefit from the presumption, such as children under ten, if they are shown to be capable of receiving 'just impressions of the facts and transactions respecting which they are examined' and capable of 'relating them truly.'" Turner v. Turner (1993), 67 Ohio St.3d 337, 343, 617 N.E.2d 1123, 1128. As a result, absent some articulable

concern otherwise, an individual who is at least ten years of age is per se competent to testify.

The presumption established by Evid. R. 601(A) recedes in those cases where a witness is either of unsound mind or under the age of ten. In such cases, the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency. This court established a test for determining competency in State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, syllabus, certiorari denied (1992), U.S. , 112 S.Ct. 1488, 117 L.Ed.2d 629. There, we held that in determining whether a child under ten is competent to testify, the trial court must take into consideration: the child's ability to receive accurate impressions of fact, the child's ability to recollect those impressions, the child's ability to communicate what is observed, the child's understanding of truth and falsity, and the child's appreciation of his or her responsibility to tell the truth. Once a trial judge concludes that the threshold requirements have been satisfied, a witness under the age of ten will be deemed competent to testify.

At this juncture, we note that our decision in Turner v. Turner, supra, included as dicta a discussion of the presumptions created by Evid. R. 601(A). First, we stated that the rule confers competency "even on those who do not benefit from the presumption ***." 67 Ohio St.3d at 343, 617 N.E.2d at 1128. We then stated that in cases involving witnesses under the age of ten or of unsound mind, "the presumption is of incompetency ***" until proven otherwise. Id. Clearly the rule cannot create two opposing presumptions. Further reflection upon and review of the plain meaning of Evid. R. 601(A) leads us to clarify our discussion in Turner by stating that a witness under the age of ten is not presumed incompetent, but rather, the proponent of the witness' testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully.

It is well settled that as the trier of fact, a trial judge is required to make a preliminary determination as to the competency of all witnesses, including children. State v. Wilson (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552. Absent an abuse of discretion, competency determinations of the trial judge will not be disturbed on appeal. See State v. Frazier, 61 Ohio St.3d at 251, 574 N.E.2d at 486-487; State v. Boston (1989), 46 Ohio St.3d 108, 115, 545 N.E.2d 1220, 1228. In State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768, we determined "'"[t]he trial judge, who saw the children and heard their testimony and passed on their competency, was in a far better position to judge their competency than is this court, which only reads their testimony from the record ***."'" Quoting Barnett v. State (1922), 104 Ohio St. 298, 301, 135 N.E. 647, 648. Furthermore, "'[t]he term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable ***.'" State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898; State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169,

173, 404 N.E.2d 144, 149.

This court considered a case similar to the one at bar in Huprich v. Paul W. Varga & Sons (1965), 3 Ohio St.2d 87, 3 O.O.2d 61, 209 N.E.2d 390. In Huprich, the plaintiff sought to introduce the testimony of a thirteen-year-old boy concerning an automobile accident the boy had witnessed at the age of four. Without conducting a voir-dire examination of the witness, the trial court deemed him incompetent to testify as to the events he had observed. The court of appeals reversed and this court affirmed, noting that the trial court arbitrarily decided to deny the request for a competency hearing. In disapproving the actions of the trial judge, the Huprich court reached two conclusions:

"1. Where a witness is over ten years of age when he testifies but was under ten at the time of the happenings about which he proposes to testify, the capability of such witness to receive 'just impressions' of such happenings must necessarily be determined as of the time of those happenings.

"2. Where a proffered witness is over ten years of age when he is called to testify but was only four years old at the time he witnessed happenings about which he proposes to testify, such witness is not as a matter of law incompetent to testify about such happenings. In such instance, the trial court should question the witness and consider any other proffered evidence as to his competency before determining whether such witness is or is not competent to testify." Id. at paragraphs one and two of the syllabus.

The conclusions reached in Huprich stretch beyond the clear terms of Evid. R. 601(A). As discussed above, Evid. R. 601(A) creates a presumption of competency in favor of anyone who is at least ten years of age and is of sound mind. The rule addresses competency as of the time of trial, not as of the time at which the incident in questions occurred. If we were to require a dual evaluation of competency of those who have attained the age of ten, we would effectively be creating a requirement that is not contemplated by the plain meaning of Evid. R. 601(A). Furthermore, such a rule is unwarranted. Whether or not the testimony of one over the age of ten concerning an event which occurred before the age of ten is accurate is a credibility issue to be resolved by the trier of fact. Every credibility assessment hinges upon the perceived accuracy and truthfulness with which the testimony is given. As with any witness, opposing counsel will be given an opportunity to cross-examine the witness in order to challenge his or her ability to accurately recall the events. Therefore, once a child attains the age of ten, the presumption of competency created by Evid. R. 601(A) applies equally to that child witness as it would to any adult, regardless of when the events in question occurred.

In conclusion, we hold that under the plain meaning of Evid. R. 601(A), a child witness who is ten years of age or older at the time of trial, but who was under the age of ten at the time an incident in question occurred, is presumed competent to testify about the event. A trial judge, in the exercise of his or her discretion, may choose to conduct a voir-dire examination of the child witness if the judge has reason to question the child's competency. The decision not to

voir dire a child witness under such circumstances will be viewed under an abuse of discretion standard. In such cases, absent a compelling reason to act otherwise, the failure to conduct a voir dire examination of a child witness who is over the age of ten at trial will not constitute reversible error. Huprich v. Paul W. Varga & Sons , supra, is overruled to the extent that it is inconsistent with our holding in this case.

In the case at bar, sixteen-year-old Danyal Campbell testified concerning events which occurred while she was nine years old. Appellee never challenged Danyal's competency to testify. The trial court's decision to permit Danyal to testify without conducting a competency hearing rested soundly within the judge's discretion. That discretion was not abused. The court of appeals erroneously found plain error when no error existed.

For the foregoing reasons, the judgment of the court of appeals is reversed, and the decision of the trial court is reinstated.

Judgment reversed.

Douglas, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., A.W. Sweeney and Wright, JJ., concur in judgment only.

FOOTNOTES

1 Huprich, decided prior to the adoption of Evid. R. 601, involved the application of R.C. 2317.01, which stated:

"All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

Wright, J., concurring in judgment only. I concur in the reversal of the judgment of the court of appeals, but am unable to join in the syllabus or in the full text of the majority opinion. I agree that the trial court acted properly in allowing Danyal, a sixteen-year-old witness, to testify without first conducting a competency hearing. I further agree that the "plain error" rule does not apply to this case, because no error existed in the admission of Danyal's testimony. I believe, however, that appellee's judgment of conviction should be reinstated, because Danyal's competency was never at issue before the trial court. We need not determine whether the trial court acted within the scope of its discretion in allowing Danyal to testify, because appellee never objected to Danyal's testimony on the basis of incompetence. The trial court simply was never called upon by either the defendant or the circumstances to exercise its discretion in passing on the competency of Danyal.

It is our constitutional duty to resolve conflicts that arise between the various courts of appeals upon certification of a question of law. Section 2(B)(2)(e), Article IV, Ohio Constitution. This case is before the court pursuant to a certification of conflict by the Tenth District Court of Appeals, which posited a single question for resolution: "Is a trial court under a mandatory duty to voir dire a witness, on the question of the witness's competency, when the witness is over ten years of age at the time of trial but was less than

ten years of age at the time of the events giving rise to the witness's testimony."  The Tenth Appellate District deemed the answer to this question to be in the affirmative and found its judgment in conflict with State v. Self (July 29, 1991), Clermont App. No. CA90-10-099, unreported, and State v. Smith (Dec. 30, 1991), Butler App. No. CA91-06-104, unreported.  The certified question now before us should be answered in the negative in that there is no basis in Evid.R. 601 for the imposition of a mandatory requirement of voir dire examination of any witness age ten or older where, as here, no objection is raised by the parties to the competency of the proposed witness.  But, see, State v. Frazier (1991), 61 Ohio St.3d 247, 250-251, 574, N.E.2d 483, 486-487, certiorari denied (1992),        U.S.     , 112 S.Ct. 1488, 117 L.Ed.2d 629 (trial court must hold a competency hearing where the witness is under ten years of age).

The majority opinion accurately notes that Evid.R. 601 sets out the general rule of competency for all witnesses: "[e]very person is competent to be a witness except *** children under ten years of age ***."  Pursuant to this rule all potential witnesses age ten or older are to be initially treated as competent.  Although the competency of a witness is a matter ultimately committed to the sound discretion of the trial judge, Evid.R. 601 does not require that a trial court pass upon the competency of each and every witness age ten or older called by a party where competency is never challenged, no request is made for voir dire examination, and no objection is made.

Evid.R. 601 is not concerned with, nor does it create, presumptions as to competency.  The use of the term "presumption" in reference to competency issues arises from cases predating the adoption of the Rules of Evidence in which trial courts were called upon to determine competency once competency was challenged.  The majority expressly acknowledges that the accused in this case "[a]t no time during Danyal's testimony or any other stage of the trial *** [challenged] Danyal's competency to testify as to the events which occurred when she was nine years old."  Because she was sixteen years old at trial, and no objection was made regarding her competence, the trial court was not obligated to hold a competency hearing.  The court of appeals should be reversed on this reasoning alone.

I note in conclusion that the majority's statement that "a witness under the age of ten is not presumed incompetent" is clearly dictum.  No proferred witness in the case at bar was under the age of ten at the time of trial.  Proper resolution of controversial and complicated legal issues such as the competency of young children should be deferred until the court has before it a case in which the facts mirror the legal issues considered.  To do otherwise is to render advisory opinions, an exercise from which we should refrain.

Moyer, C.J., and A.W. Sweeney, J., concur in the foregoing concurring opinion.