OPINION
The defendant, Howard E. Webb, was tried by a jury in the Court of Common Pleas of Clark County and convicted of two counts of gross sexual imposition and three counts of rape, including one count which specified the use of force, and from the judgment and sentence thereupon entered in the trial court, Webb has filed a notice of appeal to this court.
In November, 1996, the victim of the alleged offenses, Sarah Roderick, who was born on June 1, 1988, told her parents that her uncle, Howard Webb, had performed various sex acts with her including oral sex and intercourse. The child stated that the acts occurred between June and November of 1996 when she visited her grandfather's home where she slept in the same bed as Webb.
Upon receiving such information, the parents of Sarah took her to a hospital emergency room, where the doctor found physical evidence of penetration and referred the child to her family physician. Thereafter, the child was examined by her pediatrician, Dr. David Zainey, who also found evidence indicative of repeated penetration.
During subsequent counseling sessions, Sarah described an incident wherein the defendant "played a game" with her that involved securing her to a chair with green rope and duct tape, placing a partial halloween mask over her face, and draping a towel around her head. According to the victim, the accused used duct tape to secure the mask to her head, and he then placed a rubber nipple on the end of his penis, after which he allegedly inserted his penis into her mouth and used his hands to force the child's head in a back and forth motion.
Thereafter, a search warrant was obtained by law enforcement officers and executed upon the living quarters of Webb, where the officers located the various items used in the so-called "game", including the chair, the halloween mask, crumbled duct tape, green rope, a towel, and a rubber nipple. At the time of its discovery, the crumbled duct tape also had strands of blond hair similar to Sarah's hair.
In the present appeal, the appellant, Webb, has set forth four assignments of error, the first of which has been stated as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT'S SUBSTANTIAL RIGHTS TO A FAIR TRIAL, DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL BY ALLOWING THE STATE TO INTRODUCE IMPROPER EVIDENCE CONCERNING ALLEGATIONS OF OTHER CRIMES, WRONGS, ACTS OR PRIOR ARRESTS AND CONVICTIONS COMMITTED BY DEFENDANT-APPELLANT.
In support of the assignment of error, the appellant alludes to Evid.R. 404, but the tenor of the alleged error cannot be reconciled with the facts shown by the evidence. During the direct testimony of the victim, Sarah, she stated that she felt sad and a little mad at the appellant because of what he had done to her, after which she volunteered that she was also mad at Webb because of the way that he had looked at a friend of hers named Chad. Sarah testified that she was scared that the appellant had done something to Chad too, after which she was asked whether she had ever seen Webb "touch Chad in any bad way". Sarah then described an incident at the swimming pool when the defendant pushed her friend, Chad, under the water and stepped on him. After describing the incident at the swimming pool, the direct examination of the victim, Sarah, proceeded as follows:
 Q. Okay, Okay. Now, I understand what happened at the pool. Now, you were telling me before about a look that Uncle Butchy gave Chad, and it made you — you said uncomfortable because you wondered if he was doing things? Now, are you talking about the pool; or are you talking about doing other things?
A. Doing other things.
MS. WILT: Objection.
THE COURT: Overruled.
 Q. Okay. And when you say "doing other things", what kind of things are you talking about there?
A. Same thing as he did to me.
 Q. The same thing he did to you. Okay. Honey, I understand now.
MS. WILT: Move to strike.
THE COURT: Overruled.
A short time later, after a brief but unrelated recess, the prosecutor and defense counsel agreed to have the trial court instruct the jury regarding the child's previous testimony about her friend, Chad, and the court responded as follows:
 THE COURT: Jurors may be seated. Thank you. Before we proceed further, I want to clarify a ruling on earlier testimony in the case. There was a — a question to the witness regarding the way the defendant looked at Chad, and she stated that that really scared her and the question was: "Why did it scare you?" And she answered, "Because it looked like he did something to Chad too." And the question, "So the look he gave Chad made you scared that he was doing something to Chad too?" The witness answered, "Yes", and there was an objection.
 The court is sustaining the objection at this time, and I'm instructing the Jurors to disregard that -that answer and that testimony. You must treat it as though you never heard it. After conference with the attorneys, there is no evidence of any misconduct or sexual conduct or sexual contact with respect to Chad so that-that is not relevant and the jury is to disregard any testimony in regard to the witness' impression as to Chad. Is that satisfactory to the parties?
MS. WILT: Yes, Your Honor.
MS. LUTHE: That's correct, Your Honor.
While the initial testimony of the witness possibly produced some unwarranted inferences, it is extremely doubtful that such testimony, presented as it was, had any material effect upon the outcome of this case. But in any event, the corrective instruction of the trial court was clear and complete, and left nothing by way of inference to the jury's imagination. Hence, the first assignment of error, being substantially diluted by the facts of record, is without merit.
The second assignment of error has been presented by the appellant as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL RIGHTS TO A FAIR TRIAL BY ALLOWING AN EXPERT TO TESTIFY AS TO THE TRUTH AND VERACITY OF THE CHILD.
In support of the alleged error, the appellant properly argues that "an expert may not testify as to the expert's opinion of the truth or falsify, or accuracy or inaccuracy, of the statements of a child declarant". State v. Moreland (1990),50 Ohio St.3d 58, 62. However, the evidentiary rule relied upon by Webb has no application to the record in this case. At no time did the State ever elicit or attempt to elicit an opinion from the expert witness, Dr. Valerie Woodmansee, as to the truthfulness or veracity of Sarah Roderick.
During the cross-examination of Dr. Woodmansee by defense counsel as to her technique in interviewing children (T. 322-324), some general observations were made as to the difference between the interrogation of a child and an adult, but such testimony, which was invited by defense questions, was not within the scope of the rule adopted in the Moreland case. Here, the expert was not used to bolster the credibility of the child, and it is inconceivable that the dialogue between the expert witness and defense counsel in this case had any determinative influence upon the jury verdict. The second assignment of error is overruled.
The third assignment of error has been submitted as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL RIGHTS TO A FAIR TRIAL BY FAILING TO HOLD A PROPER COMPETENCY HEARING OF THE CHILD.
In support of the assigned error, the appellant relies heavily, if not entirely, upon the case of Huprich v. Paul W. Varga Sons, Inc. (1965), 3 Ohio St.2d 87, but that case was expressly overruled by the Supreme Court of Ohio in State v. Clark (1994), 71 Ohio St.3d 466, where the syllabus provides as follows:
 1. Under the plain meaning of Evid.R. 601(A), a child witness who is ten years of age or older at the time of trial, but who was under the age of ten at the time an incident in question occurred, is presumed competent to testify about the event.
 2. A trial judge, in the exercise of his or her discretion, may choose to conduct a voir-dire examination of a child witness who is ten years of age or older if the judge has reason to question the child's competency. The decision not to voir dire a child witness under such circumstances will be viewed under an abuse-of-discretion standard. In such circumstances, absent a compelling reason to act otherwise, the failure to conduct a voir-dire examination of a child witness who is ten years of age or older at the time of trial will not constitute reversible error.
In the present case, the trial court apparently had no reason to question the child's competency, and the record fails to disclose any necessity for a voir dire examination. On the contrary, the testimony of the young witness was detailed and consistent, and her description of the appellant's criminal conduct was corroborated by extensive telltale physical evidence. In the application of the law pronounced in the Clark case, therefore, the third assignment of error is without merit.
The fourth assignment of error has been framed by the appellant as follows:
 DEFENDANT'S RIGHTS TO DUE PROCESS, A FAIR TRIAL, CONFRONTATION OF WITNESSES AND COUNSEL, WERE ALL PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
In support of this alleged error, Webb argues: (1) that counsel allowed the State to introduce improper evidence concerning other acts, and (2) that counsel failed to move for a mistrial when the expert testified generally about the qualifications of a child witness. Both of these alleged deficiencies in representation were discussed more fully under the first and second assignments of error, and upon further examination, this court is further convinced that there exists no reasonable probability that such claimed deficiencies had any significant influence upon the outcome of this case. See State v. Bradley (1989), 42 Ohio St.3d 136.
With a view to the impressive nature of the corroborative physical evidence submitted to the jury by the State, including Webb's admission that he slept with the alleged victim, the task presented to defense counsel was obviously not an easy one, and nothing surfaces from the record to show that any prejudice arose from counsel's performance. See Strickland v. Washington (1984),466 U.S. 668. See, also, State v. Lytle (1976), 48 Ohio St.2d 391, vacated in part on other grounds (1978), 438 U.S. 910,98 S.Ct. 3135. In fact, nothing appears under the circumstances to suggest that counsel's representation of the appellant in this case fell below an objective standard of reasonableness, and the fourth assignment of error is overruled.
Finding no prejudicial error in the record, the judgment of the Common Pleas Court will be affirmed.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Suzanne M. Luthe
Stephen A. Schumaker
Gregory K. Lind
Hon. Gerald F. Lorig