OPINION
{¶ 1} Defendant-appellant, Mark Swartsell, appeals his convictions in the Butler County Court of Common Pleas for two counts of rape and two counts of assault. We affirm the decision of the trial court.
 {¶ 2} David B., age 19, and Michael H., age 27, are mentally impaired individuals with IQs below 70. They reside in a residential treatment home in the city of Hamilton.
 {¶ 3} Appellant was employed by Innovative Support Services ("ISS") in 2000. The Butler County Board of Mental Retardation and Developmental Disabilities ("MRDD") contracts with ISS to provide residential support services to MRDD clients. Appellant was the "home manager" of David B. and Michael H.'s residential treatment facility. As home manager, appellant was the direct supervisor of the two other ISS employees assisting David B. and Michael H. with their basic life skills, Larry Strong and David Glaub.
 {¶ 4} On October 29, 2000, David B. told Strong that "Mark stuck it (his penis) in his butt." Michael H. told Strong that "Mark stuck it (his penis) in his mouth and it tasted bad." Strong told Michael H. to tell his teacher.
 {¶ 5} On October 30, 2000, Michael H. approached Virginia Lester, a teacher at his school. Lester testified that as Michael H. advanced toward her, he appeared to be very upset and disturbed. He stated that he "need[ed] to talk to [her] now." Michael H. then told her, "Mark put his dick in my mouth." Lester then took Michael H. to the school nurse. The school nurse reported the matter to Children Services and MRDD.
 {¶ 6} Hamilton Police Detective David Collins interviewed the victims. When appellant was questioned, he denied the allegations. On December 28, 2000, appellant was indicted by the Butler County grand jury on three counts of rape, two counts of assault, and two counts of domestic violence. The state dismissed the two counts of domestic violence.
 {¶ 7} A jury trial was held on the remaining counts on March 25 through 27, 2002. After deliberations, the jury returned verdicts finding appellant guilty of two counts of rape and two counts of assault. Appellant was found to be a sexual predator and sentenced to two terms of 10 years in prison, to run concurrently, as well as to two concurrent six-month terms in the Butler County jail. Appellant appeals the convictions raising five assignments of error.
Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DETERMINED THAT BOTH VICTIMS WERE COMPETENT TO TESTIFY."
 {¶ 9} Appellant argues the court erred when it allowed David B. and Michael H. to testify because they are not competent to testify. Appellant maintains they do not have the ability to comprehend and communicate facts truthfully.
 {¶ 10} The victims in this case, David B. and Michael H., are mentally impaired adults with IQs below 70. In order to testify, witnesses must be competent. Evid.R. 601 provides in part: "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 11} Evid.R. 601(A) "favors competency, conferring it even on those who do not benefit from the presumption * * *." State v. Clark,71 Ohio St.3d 466, 469, 1994-Ohio-43, quoting Turner v. Turner,67 Ohio St.3d 337, 343, 1993-Ohio-176. As a result, "absent some articulable concern otherwise, an individual who is at least ten years of age is per se competent to testify." Id. However, the presumption of competency "recedes in those cases where a witness is of unsound mind." Id. Those persons classified as mentally impaired are presumed incompetent as witnesses and must have their competency to testify determined by the court. See State v. Miller (1988), 44 Ohio App.3d 42;State v. Kinney (1987), 35 Ohio App.3d 84. In such cases, "the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency." Clark, 71 Ohio St.3d at 469.
 {¶ 12} The test for competency of a witness presumed incompetent is set forth in the syllabus of State v. Frazier (1991), 61 Ohio St.3d 247, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488. In determining competency to testify, "the trial court must take into consideration (1) the [presumed incompetent person's] ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the [presumed incompetent person's] ability to recollect those impressions or observations, (3) the [presumed incompetent person's] ability to communicate what was observed, (4) the [presumed incompetent person's] understanding of truth and falsity and (5) the [presumed incompetent person's] appreciation of his or her responsibility to be truthful." Id.
 {¶ 13} A court conducting a voir dire to determine competency is not chained to a ritualistic formula to ask specific questions. However, it must satisfy itself of the elements enumerated in Frazier. After conducting a voir dire examination of a witness, the trial court may rule on the competency of the witness keeping in mind whether the witness's mental impairment substantially negates the trustworthiness of his or her testimony. See Huprich v. Paul W. Varga Sons, Inc. (1965),3 Ohio St.2d 87, 91, overruled in part on other grounds; State v. Clark,71 Ohio St.3d 466, 471, 1994-Ohio-43. As long as a witness understands the oath, or has the mental capacity sufficient to receive just impressions of the facts and transactions relating to what he or she is being questioned upon, then he or she is competent to testify at trial.State v. Bradley (1989), 42 Ohio St.3d 136, 140-141. See, also, State v.Wildman (1945), 145 Ohio St. 379, paragraph three of the syllabus.
 {¶ 14} A trial court's decision that a presumed incompetent witness is competent to testify must be approached by a reviewing court with great deference because the trial judge has the opportunity to observe the person's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. See Frazier, 61 Ohio St.3d 247, 251. A determination of competency lies within the discretion of the trial judge and that de termination will not be disturbed on appeal unless there is a showing of abuse of discretion. Wildman, 145 Ohio St. 379 at paragraph two of the syllabus; State v. Braden (1936), 56 Ohio App. 19, 23-24;State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 15} Despite David B. and Michael H.'s confusion as to some of the questions, within the context of their entire testimony, they demonstrated the ability to receive accurate impressions of fact, the ability to recollect those impressions or observations, and the ability to communicate what they observed.
 {¶ 16} At the competency hearing, Michael H. was able to provide the court with his name, age, birthday, the name of his school, the name of his teacher, and his parents' names. When asked, David B. was able to provide the court with his name, age, birthday, the card games he likes to play, what he does at his occupational workshop, and the names of his workshop helpers.
 {¶ 17} The record also shows that they understood the difference between a lie and the truth and appreciated their responsibility to be truthful, as the following exchanges demonstrate:
 {¶ 18} The court asked, "David, tell me what that means to you * * * to tell the truth." David B. replied, "I tell God I tell the truth." The court asked Michael H., "[d]o you know what that means when you sa — when you say I swear to tell the truth?" Michael H. answered, "It's the truth. Swear to God, swear to God."
 {¶ 19} We conclude that the court did not abuse its discretion when it ruled that David B. and Michael H. were competent to testify. David B. and Michael H.'s testimony supports the trial court's conclusion that they were capable of relating their impressions of the facts to the court, of distinguishing between a lie and the truth, and of understanding their obligation to tell the truth. Consequently, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ALLOWED THE STATE TO QUESTION HIM ABOUT HIS SEXUALITY."
 {¶ 21} Appellant argues there is "no evidence that homosexuals are more likely to commit anal rape of males." Appellant contends that the court erred in giving the prosecution permission to question appellant about his sexuality. Appellant maintains that the evidence of his homosexuality was irrelevant and prejudicial.
 {¶ 22} Evid.R. 404 provides:
 {¶ 23} "(A) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 {¶ 24} "(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
 {¶ 25} "* * *
 {¶ 26} "(B) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 27} At trial, the prosecution asked appellant if he is a homosexual. Appellant's counsel objected to the question. However, the trial court overruled the objection and allowed the question. Appellant then admitted that he is a homosexual. In closing arguments, the prosecution then stated, "the allegation of sex involved is male on male. That in itself, to a large extent, is not normal. Some reject it entirely. And we're not gonna pass judgment as far as moral issues, but in a position of trust * * * [appellant] apparently did allow himself to take advantage of two disabled, mentally retarded individuals."
 {¶ 28} We agree with appellant's position: the prosecution used appellant's sexual orientation for exactly that purpose prohibited by the Revised Code and Rules of Evidence, to show action in conformity therewith. We fail to see how evidence of appellant's sexual orientation falls within any of the exceptions contained in R.C. 2907.02(D) or Evid.R. 404. Furthermore, we fail to see how the probative value of appellant's sexual orientation was not substantially outweighed by its prejudicial nature. See Evid.R. 401, 402 and 403. The trial court erred in permitting evidence to appellant's status as a homosexual.
 {¶ 29} However, where there is sufficient independent evidence of a defendant's guilt, thereby rendering improperly admitted statements harmless beyond a reasonable doubt, the error in admitting them is not prejudicial and reversal is unwarranted. State v. Jenkins (July 2, 1986), Summit App. No. 12403, at 5, citing State v. Moritz (1980),63 Ohio St.2d 150. Although the admission of appellant's sexual orientation was error, it was nevertheless harmless error. See Crim.R. 52(A).
 {¶ 30} Michael H.'s testimony, if believed by the jury, was sufficient to exclude any reasonable probability that the admission of the statement at issue contributed to appellant's conviction. State v.Blevins (1987), 36 Ohio App.3d 147, 149. Michael H. testified that appellant "stuck his dick in my mouth and it tasted bad." Furthermore, Michael H. testified that appellant "hit me in the face" and then he "put his dick in my butt."
 {¶ 31} An accused has "a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error." State v.Brown, 65 Ohio St.3d 483, 485, 1992-Ohio-61. In light of all the other evidence adduced at trial, we cannot hold the admitted statement regarding appellant's homosexuality prejudiced the defense so as to constitute reversible error. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 {¶ 32} "APPELLANT'S CONVICTION FOR RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 33} Appellant maintains that given Michael H's credibility, without medical corroboration, a jury could not conclude beyond a reasonable doubt that a rape occurred. Appellant argues that since no medical corroboration of a rape exists, "such conviction has to be a miscarriage of justice."
 {¶ 34} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. It must be remembered, however, that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 35} Appellant was convicted of one count of rape in violation of R.C. 2907.02(A)(1)(c) which provides: "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * *, when any of the following applies.
 {¶ 36} "(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 37} Appellant was also convicted of one count of rape in violation of R.C. 2907.02(A)(2) which provides: "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat."
 {¶ 38} When reviewing a conviction on manifest weight of the evidence, we must engage in a limited weighing of the evidence to determine whether there is sufficient, competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v.Thompkins, 78 Ohio St.3d 380, at 387.
 {¶ 39} Michael H. is a mentally impaired individual with an IQ below 70. However, the trial court determined he was competent to testify. Michael H. testified that appellant "stuck his dick in my mouth and it tasted bad." Furthermore, Michael H. testified that appellant "hit me in the face" and then "put his dick in my butt."
 {¶ 40} Additionally, Strong testified that he observed Michael come home from school, get naked, and lie on his bed. When Strong asked Michael H. what he was doing, Michael H. answered, "waitin on Mark."
 {¶ 41} After reviewing the entire record, weighing the evidence and all inferences, considering the credibility of the witnesses, we find that there is some competent, credible evidence going to all the essential elements of the case. Therefore the trier of fact did not clearly lose its way in resolving the conflicts in the evidence and create a manifest miscarriage of justice. Consequently, the third assignment of error is overruled.
Assignment of Error No. 4:
 {¶ 42} "THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF RAPE AND ASSAULT."
 {¶ 43} Appellant argues that the evidence to convict him of rape and assault was insufficient because the key witness was incompetent to testify. Furthermore, appellant maintains that there was no medical corroborating evidence to prove that there was a sexual assault.
 {¶ 44} Sufficiency is a term of art meaning that "legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, at 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. A judgment will not be reversed upon "insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case." Cohen v. Lamko
(1984), 10 Ohio St.3d 167.
 {¶ 45} When analyzing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. State v. Thomas, Cuyahoga App. No. 79565, 2002-Ohio-1085, citing State v. Jenks (1991),61 Ohio St.3d 259. The relevant inquiry is whether, after viewing the evidence "in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Carter, 72 Ohio St.3d 545, 553,1992-Ohio-104, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781.
 {¶ 46} As discussed in the previous assignment of error, appellant was convicted of one count of rape in violation of R.C. 2907.02(A)(2), and one count of rape in violation of R.C. 2907.02(A)(1)(c). Appellant was also convicted of two counts of assault, in violation of R.C.2903.13(A) which provides: "[n]o person shall knowingly cause or attempt to cause physical harm to another or another's unborn."
 {¶ 47} Michael H. is mentally impaired. He testified that appellant "stuck his dick in my mouth and it tasted bad." Furthermore, Michael H. testified that appellant "hit me in the face" and then "put his dick in my butt."
 {¶ 48} After reviewing the entire record, viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient evidence for the jury to find that appellant committed the offenses for which he was convicted. Therefore the fourth assignment of error is overruled.
Assignment of Error No. 5:
 {¶ 49} "THE DEFENDANT-APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 50} Appellant argues that counsel's performance was deficient because counsel failed to object to hearsay evidence. The relevant inquiry a court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668,690, 104 S.Ct. 2052, 2066; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus.
 {¶ 51} Upon review, we find appellant's assignment of error to be unpersuasive. It is well-settled that "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Id. at 137. Further, "[t]o show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 52} In the present case, appellant has not demonstrated ineffective assistance of counsel based on counsel's failure to object to hearsay testimony. Appellant first challenges Larry Strong's testimony that David B. "said [appellant] stuck it in his butt." Furthermore, Strong testified that Michael H. "told me that [appellant] stuck it in his mouth and it tasted bad."
 {¶ 53} Appellant next challenges Connie Berry's testimony. Connie Berry is the nurse at Michael H.'s school. Connie Berry testified that Michael H. told her, "Mark came into my room to hang a picture and he told me to pull down my shorts and to get on the bed. * * * [H]e hit me in the face" then "Mark put his penis in my butt."
 {¶ 54} In any event, David B. and Michael H. both testified that appellant had sexually abused them. Consequently, we would find no prejudice to appellant from Larry Strong and Connie Berry's testimony even if it were inadmissible hearsay. Therefore, the fifth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.