640

Aetna Life Ins. Co. et al. *v.* Hussey et al.,
Appellees; Lawrence et al., Appellants.

[Cite as *Aetna Life Ins. Co. v. Hussey* (1992), 63 Ohio St.3d 640.]

(No. 91–219—Submitted January 8, 1992—Decided May 20, 1992.)

*Cannon, Stern, Aveni & Loiacono Co., L.P.A.,* and *Milton R. Stern,* for appellees.

*Phillip A. Lawrence & Associates, Roy Schwartz, James T. Flaherty* and *James C. Wrentmore,* for appellants.

HOLMES, J.   The central issue in this case is whether Kelly Rae Hussey has an unrestricted right to receive all the proceeds from Raymond W. Hussey Jr.'s life insurance policy.   In other words, was Kelly (who is now twenty-three years of age) entitled to receive more than those insurance proceeds that were necessary for her education prior to attaining the age of twenty-two? For the reasons that follow, we answer such query in the negative.

As a threshold matter we must determine whether Raymond lawfully changed the beneficiary of his life insurance policy from Kelly to Phillip Lawrence, as trustee.   In *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 226, 9 OBR 565, 567, 459 N.E.2d 1293, 1295, this court stated:

"A constructive trust is, in the main, an appropriate remedy against unjust enrichment.   This type of trust is usually invoked when property has been acquired by fraud.   However, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud.   * * *" (Citations omitted.)

Furthermore, in *Kelly v. Medical Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, we held at paragraph two of the syllabus that "[a] constructive trust is the appropriate remedy to ensure that insurance proceeds

are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree."

In the present case Raymond changed the beneficiary of his life insurance policy contrary to the express terms of his separation agreement embodied in his divorce decree, which provided: "Husband *shall* maintain the present insurance policies on his life and make his daughter, Kelly Rae Hussey, the *irrevocable beneficiary* of said policies until she attains the age of twenty-two (22) years for the purpose of insuring her education. * * * " (Emphasis added.) Therefore, we find that Kelly was the proper beneficiary of Raymond's life insurance proceeds. Accordingly, we hold that a constructive trust shall be imposed upon the proceeds from Raymond's policy.

The next issue to be resolved is whether Kelly may have unrestricted access to the funds of her constructive trust or whether she may receive only those proceeds necessary to satisfy her educational expenses. Upon reviewing this issue in light of the facts in this case we find *Kelly v. Medical Life Ins. Co.*, *supra*, to be distinguishable. Specifically, in *Kelly* the pertinent portion of the divorce decree provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [James Kelly] shall name the minor children as beneficiaries on all life insurance he has through his place of employment and Veterans Administration so long as his support obligation exists. * * * " *Id.* at 132, 31 OBR at 291, 509 N.E.2d at 413.

However, noticeably absent from the above disposition of the insurance proceeds in *Kelly* was a stated purpose for which the proceeds would be supplied to the beneficiaries. The only limitation placed on the right to the proceeds was that they vest with the beneficiaries, if at all, during the period of the father's support obligation. In fact, in reviewing the aforementioned clause and deciding whether the beneficiaries in *Kelly* were entitled to the entire amount of the insurance proceeds this court commented:

" * * * This clause does not limit the *amount* of life insurance proceeds to which appellants would be entitled. It limits only *the period of time* during which they are entitled to be named beneficiaries. Had James Kelly fulfilled his obligation to designate appellants as beneficiaries before he died, the entire policy proceeds would have been payable to appellants without regard to any unpaid balance of child support payments.

"We find no evidence in the record of special circumstances surrounding the agreement which might justify a different interpretation. The original draft of the settlement agreement, which was incorporated in more formal terms into the divorce decree, reads: 'LIFE INSURANCE: All life ins. thru work (State of Ohio) & V.A. to children so long as support obligation exists.' It

contains no indication that the life insurance obligation was related to the child support obligation in any manner except that of duration.

"Nor does our review of the agreement as a whole require a different result. As in the original draft, the life insurance obligation in the decree is set forth separately and apart from, and in addition to, the child support obligation. The only conclusion to be drawn is that the parties to the agreement and divorce decree did not intend to limit the amount of life insurance proceeds to which appellants would be entitled in the event James Kelly died before appellants attained majority. Had the parties intended such a limitation, they could easily have so provided." *Id.* at 132–133, 31 OBR at 291–292, 509 N.E.2d at 413–414.

Thus, as this court implied in *Kelly,* where a separation agreement embodied in a divorce decree mandates insurance coverage and unambiguously designates a purpose for which insurance proceeds are to be used by certain beneficiaries, a constructive trust for that designated purpose is the appropriate remedy to ensure that the proceeds are used for the purpose intended under the agreement. Moreover, where a separate agreement embodied in a divorce decree states a specific purpose for mandated life insurance coverage, the insured party or policy owner has a contingent right to dispose of any proceeds not used by the beneficiaries in accordance with the agreement's express purpose, pursuant to R.C. 2131.04.[1]

In the case *sub judice* we observe that there are special circumstances surrounding the agreement that justify a different interpretation from that in *Kelly, supra.* Specifically, paragraph thirteen of the separation agreement explicitly states that Kelly Rae Hussey would be made irrevocable beneficiary of Raymond's insurance policies for the "purpose of insuring her education." Therefore, the decree in this case (which incorporated the separation agreement) unambiguously provided a purpose and time for Raymond's insurance obligation to be fulfilled, whereas the decree in *Kelly, supra,* was silent as to the purpose for establishing the minor children as the beneficiaries of the father's insurance.

This court held in *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus, with respect to deriving the intent of the parties to a contract: "Contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." See, also, *Blosser v. Enderlin*

---

1. R.C. 2131.04 provides:

"Remainders, whether vested or contingent, executory interest, and other expectant estates are descendible, devisable, and alienable in the same manner as estates in possession."

(1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus; and *Kelly v. Medical Life Ins. Co., supra,* at paragraph one of the syllabus.

Since the agreement in this case unambiguously stated the purpose (as education) for which the insurance proceeds would be provided, the agreement by implication precludes the use of the proceeds for unrelated items desired by Kelly. The fact that all proceeds of the insurance are available to Kelly exclusively for educational purposes does not give her the right to dispose of the proceeds for other purposes as she sees fit.

Although Raymond failed, in part, in his attempt to provide for family members other than Kelly by setting up a trust through his attorney, that does not erase the fact that he was bound by the divorce decree to provide *only* for Kelly's education. His failed attempt to set up a trust using the proceeds of his life insurance policy indicates his intention to exercise his contingent rights over the unused insurance proceeds. Therefore, after Kelly has used the proceeds of the insurance for her education, any unused funds will be available to Lawrence in accordance with the terms of Raymond's trust.

Two additional questions still must be resolved here. The first is whether Kelly, who is now twenty-three years of age, has any right to participate in Raymond's insurance proceeds. The second is, assuming *arguendo* she can still receive insurance proceeds to pay for her education, whether her right to payment for educational expenses is limited to the amount of insurance that existed in 1975 at the time of the Husseys' divorce ($63,487) or the accrued amount of $178,552 at the time of Raymond's death.

Although appellants have evidenced a willingness to provide for Kelly's educational needs, that does not alter the fact that the insurance proceeds to which she is legally entitled have been subject to an interpleader action since March 21, 1988. Consequently, Kelly has not had immediate access to the insurance proceeds for her education as intended under her parents' separation agreement. Therefore, Kelly has a right to have her education financially supported by Raymond's insurance proceeds for the length of time equal to the period this action has been pending.[2] This result comports with the intent

---

2. On remand, the trial court should calculate the total number of days this action has been pending (*i.e.,* March 21, 1988 through the date the trial court is prepared to disburse Raymond's insurance proceeds in accordance with the court's prior judgment entry). The educational expenses to be paid from the trust may include those already incurred during the pendency of this action or future educational expenses, so long as the total period of education financed by the trust does not exceed Kelly's eligibility (or entitlement) period as determined by the trial court.

of the parties to the separation agreement, in that Kelly will receive at least four years of financial support for her education.

In reviewing the record we find that the trial court, in granting summary judgment in favor of the appellants, explicitly stated in its judgment entry:

"WHEREFORE the Court finds Kelly Rae Hussey to be entitled to the benefit of *all proceeds of insurance* held by plaintiff, Aetna Life Insurance Company, for her education until she reaches the age of twenty-two (22).

" * * *

"It is further the order of this Court that the plaintiff, Aetna Life Insurance Company shall deposit the *entire proceeds of insurance* with the Lake County Probate Court which shall appoint a trustee to administer said funds as provided by law and the Separation Agreement and divorce decree of 1975. * * * " (Emphasis added.)

Appellants claim that the trial court awarded them the increase in the value of Raymond's life insurance policy from $63,487 to $178,552. The trial court had the benefit of appellants' reply brief in opposition to appellees' motion for summary judgment, which stated that only $63,487 of the proceeds of Raymond's insurance should be available to pay for Kelly's education. However, the language of the trial court's judgment entry is clear on this subject, that Kelly is entitled to participate in the entire accrued amount of the insurance policy, $178,552, for her education.[3]

Thus, the trial court on remand is ordered to disburse the entire accrued amount of Raymond's life insurance policy to a court-appointed trustee for payment of the expenses of Kelly's education for a period of time equal to the total number of days this action has been pending.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., dissents.

---

3. Appellants failed to cross-appeal as to the trial court's decision making the entire proceeds of Raymond's life insurance policy available to Kelly for her education. Since we must assume from the record the trial court meant what it stated in its judgment entry regarding "the entire proceeds of insurance," we will not disturb the holding or inquire further into its merits.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent in view of the language contained in the separation and property settlement agreement which was incorporated into the divorce decree, and which in pertinent part required Raymond Hussey to:

" * * * maintain the present insurance policies on his life and make his daughter, Kelly Rae Hussey, the irrevocable beneficiary of said policies until she attains the age of twenty-two (22) years for the purpose of insuring her education."

From this it becomes apparent that Raymond Hussey had no authority to change the beneficiary from his daughter, Kelly, to any other person before she attained the age of twenty-two. Hence *Kelly v. Medical Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, is controlling and a constructive trust should be placed on the entire proceeds. The court in *Kelly, supra,* stated at 133, 31 OBR at 292, 509 N.E.2d at 414:

" * * * [A] constructive trust is the appropriate remedy to ensure that insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree, such persons having an equitable right superior to the legal right of the designated beneficiary of the policy."

Had Raymond Hussey not violated the terms of the decree, and instead had kept his daughter as the "irrevocable beneficiary," she would have, without question, received the entire amount of the insurance proceeds at the time of her father's death. The reference to age in the decree has nothing to do with the amount to be received, but rather the length of time Raymond Hussey was required to maintain his daughter as beneficiary of the insurance policy. Had the parties wanted to limit the amount of insurance proceeds Kelly would receive for her education, they easily could have provided for this in the separation agreement.

Raymond Hussey's act of changing the beneficiary was totally in violation of the divorce decree and therefore illegal and void. I would affirm the decision of the court of appeals.