OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     Aetna Life Ins. Co. et al. v. Hussey et al., Appellees;
Lawrence et al., Appellants.
Insurance -- Domestic relations -- Separation agreement of
     divorce decree mandates insurance coverage and designates
     purpose for which insurance proceeds are to be used by
     certain beneficiaries -- Clarification of Supreme Court's
     opinion of how balance of insurance policy proceeds are to
     be distributed.
     [Cite as Aetna Life Ins. Co. v. Hussey (1992),     Ohio
St.3d     .]
     (No. 91-219 -- Submitted June 17, 1992 -- Decided August
12, 1992.)
     Appeal from the Court of Appeals for Lake County, No.
89-L-14-084.
     On Motion for Clarification.

     Cannon, Stern, Aveni & Loiacono Co., L.P.A., and Milton R.
Stern, for appellees.
     Phillip A. Lawrence & Associates, Roy Schwartz, James T.
Flaherty and James C. Wrentmore, for appellants.

     Holmes, J.  This matter comes before the court by way of
the "Appellees' Motion for Rehearing and Issuance of Mandate,"
seeking clarification of this court's prior opinion herein.
Basically, the motion seeks the clarification of how the
balance of the insurance policy proceeds over and above the
amounts awarded by this court to Kelly Rae Hussey for her
education shall be distributed.
     Admittedly, there is confusion within the language found
in the opinion that "after Kelly has used the proceeds of the
insurance for her education, any unused funds will be available
to Lawrence in accordance with the terms of Raymond's trust."
63 Ohio St.3d 640, 645, 590 N.E.2d 724, 728.  Obviously, other
than the constructive trust pronounced by this court for
Kelly's education, there is no trust.  It should have been
stated in the opinion that any balance of the insurance funds
remaining after Kelly's education must be distributed to the
named beneficiary within the policy, that being Marcia S.
Hussey, surviving spouse of Raymond W. Hussey, Jr.

Judgment accordingly.

Moyer, C.J., Sweeney, Douglas, Wright and H. Brown, JJ., concur.

Resnick, J., dissents and adheres to her prior dissenting opinion in Aetna Life Ins. Co. v. Hussey (1992), 63 Ohio St.3d 640, 647, 590 N.E.2d 724, 729.