{¶ 45} I respectfully dissent.
 {¶ 46} In her second amended complaint, Plaintiff-Appellant, Ahrea Carleen Click, named as defendants the unknown executor or administrator of the estate of John Edgar Click, John William Click, Nancy Lynn Jarrell/Click (nka Nancy Lynn Click Hehmann) and City National Bank. Only John William Click, Nancy Lynn Click and City National Bank answered the second amended complaint.[4] Thereafter, John William Click and Nancy Lynn Click (hereinafter "the children") sought summary judgment on the sole ground that Plaintiff failed to provide any evidence to support her fraud allegation. The children asserted that, absent evidence of fraud, they were entitled to summary judgment and that the complaint should be dismissed as a matter of law. In response, Plaintiff asserted Defendant-Appellees engaged in "a conspiracy to deceive the plaintiff by her husband* * *and his children* * *." *Page 25 
 {¶ 47} The trial court granted Defendants-Appellees motion for summary judgment, finding that there was no evidence suggesting that Defendants-Appellees defrauded their father and that a divorce action was the proper action to address John Edgar Click's alleged financial misdeeds. Further, the trial court found that there were no grounds for Plaintiffs civil conspiracy claim. Based on its findings of no fraud or conspiracy, the trial court dismissed the entire case outright.
 {¶ 48} Even assuming that the trial court was correct in determining that summary judgment in favor of the children was proper on Plaintiffs allegations of fraud and conspiracy, Plaintiffs complaint set forth facts that may entitle her to relief under different theories, such as equitable remedy of a constructive trust. Civ.R. 8(A) states that "[a] pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Ohio courts hold that "Civ.R. 8(A) requires only that a pleading contain a short and plain statement of the circumstances entitling the party to relief." Illinois Controls,Inc. v. Langham (1994), 70 Ohio St.3d 512, 639 N.E.2d 771, paragraph six of the syllabus. Further, "[a] party is not required to plead the *Page 26 
legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationship of the parties."Id. (emphasis added); see, also, Landskroner v. Landskroner,154 Ohio App.3d 471, 2003-Ohio-4945, ¶ 12, 797 N.E.2d 1002. Further, "[t]he rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief." Id. at 526, citing, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 102, Section 5.01. See, also, Fancher v.Fancher (1982), 8 Ohio App.3d 79, 455 N.E.2d 1344; 4 Anderson's Ohio Civil Practice (1987) 272-273, Section 151.03.
 {¶ 49} Here, the majority agrees with the trial court "that no cause of action exists to permit one spouse to sue the other for alleged financial misdeeds that occurred during the marriage." This statement is contrary to Ohio law. In Estate of Cowling v. Estate of Cowling,109 Ohio St.3d 276, 2006-Ohio-2418, the Ohio Supreme Court found that a wife could establish a constructive trust over assets her husband took from the couple's joint checking account and gave to his children as gifts, or placed in a joint account the husband held with his children.
 {¶ 50} The Ohio Supreme Court defines a constructive trust as a "trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, *Page 27 
by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice."Cowling, 109 Ohio St.3d at ¶ 18, citing Ferguson v. Owens (1984),9 Ohio St.3d 223, 459 N.E.2d 1293, quoting 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221.
 {¶ 51} "A constructive trust is an equitable remedy that protects against unjust enrichment and is usually invoked when property has been obtained by fraud." Id. at ¶ 19, citing Ferguson, 9 Ohio St.3d at 226;Aetna Life Ins. Co. v. Hussey (1992), 63 Ohio St.3d 640, 642,590 N.E.2d 724. Such a trust "may also be imposed where it is against the principles of equity that the property be retained by a certain personeven though the property was acquired without fraud" Id. (emphasis added), citing Ferguson, 9 Ohio St.3d at 226, 459 N.E.2d 1293, citing 53 Ohio Jurisprudence 2d (1962) 578-579, Trusts, Section 88; V Scott on Trusts (3d Ed.1967) 3412, Section 462.
 {¶ 52} Here, Plaintiff set forth sufficient facts in her second amended complaint to establish a right of relief in the form of a constructive trust. Plaintiff set forth allegations in her second amended complaint that the *Page 28 
children may have "obtained * * * the legal right to property which [they] ought not, in equity and good conscience, hold and enjoy."Cowling, 109 Ohio St.3d at ¶ 18. Further, Plaintiff alleged that the children obtained such property by "concealment, or questionable means * * *" and that they made no contribution to the investments at issue. SeeId. Because (1) Defendants-Appellees motion only sought summary judgment on the sole issue of fraud, (2) Plaintiff pled sufficient facts to establish a right to relief under a theory of constructive trust, and (3) the trial court failed to consider the theory of constructive trust, I believe that the trial court erred in dismissing the entire complaint on the summary judgment motion of the children.
 {¶ 53} In my view, the disputed material facts, viewed in plaintiffs favor, establish that her husband wronged her by violating the principles of equity and used the money to unjustly enrich the children that he loved. Throughout the course of their marriage, plaintiff and John Click received separate retirement income that they each deposited into a joint checking account. The couple lived solely off of plaintiff s income while John Click withdrew his funds from the joint checking account and saved those funds, which are now valued at about one million dollars. John Click was extremely secretive of where he placed his money. Regardless, throughout the marriage, plaintiff believed that John Click saved most of his money for *Page 29 
her security should he pass away, just as she had shared her money for his benefit during his lifetime.
 {¶ 54} Therefore, based on these facts, I can hear the principles of equity screaming for justice. Plaintiff shared all of her retirement funds from the joint account with her husband. Naturally, when her husband invested his funds from the same joint account, she inferred that he did the same. Consequently, I would remand this cause to the trial court so that it could consider for the first time relief in the form of a constructive trust because the court might decide that at least some of the funds in question are property which the husband's children "ought not, in equity and good conscience, hold and enjoy."
 {¶ 55} Thus, I respectfully dissent and hope that the Supreme Court reviews this important issue. *Page 30 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Dissenting Opinion.
[4] A review of the docket shows no evidence that John Edgar Click's estate was ever served with the second amended complaint. *Page 1