{¶ 17} I respectfully dissent. The trial court considered only two situations where it could impose a constructive trust — fraud or unconscionability. Case law, however, provides for a "constructive trust" as follows:
 "`[A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.' Ferguson v. Owens (1984), 9 Ohio St.3d 223, 225, quoting 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221.
 "The imposition of a constructive trust is usually associated with the acquisition of property by fraud. Aetna Life Ins. Co. v. Hussey (1992), 63 Ohio St.3d 640, 642. Unjust enrichment of a person occurs when he or she `has and retains money or benefits which in justice and equity belong to another.' Hummel v. Hummel (1938), 133 Ohio St. 520, 528. A constructive trust is imposed `not because of the intention of the parties but because the person holding the title to property would profit by a wrong, or would be unjustly enriched if he were permitted to keep the property.' Restatement of the Law, Restitution, Section 160, Comment b." Univ. Hosps. of Cleveland, Inc. v. Lynch, 96 Ohio St.3d 118, 2002-Ohio-3748, at ¶¶ 59-60. *Page 11 
 {¶ 18} The trial court did not consider all the bases upon which a constructive trust could be imposed. The very reason a constructive trust is considered a trust is that when property has been acquired under circumstances that the legal owner should not in good conscience retain the beneficial interest, equity converts the legal owner into a trustee over the property. Cowling, 109 Ohio St.3d at 281,2006-Ohio-2148, ¶ 18. While the Cowling Court recognized fraud as one basis for imposing a constructive trust, the Court held that a "constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud." Id. at ¶ 19. I would follow the well-known equitable maxim the Supreme Court quoted: "equity regards [as] done that which ought to be done." Id.
 {¶ 19} Aside from this analysis, even if the decedent had a complete legal right to spend the IRA as he desired prior to his death, the trial court did not make a specific finding that the furniture and other items worth thousands of dollars were gifts to Ms. Istanich. Without such a finding, they were assets of the estate. I would reverse and remand. *Page 1