WEYAND, Appellee,

v.

BARNES et al., Appellants.

[Cite as *Weyand v. Barnes,* 191 Ohio App.3d 134, 2010-Ohio-4735.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1010.

Decided Sept. 30, 2010.

Fusco, Mackey, Mathews & Gill, L.L.P., and Jeffrey D. Mackey, for appellee.

Tyack, Blackmore & Liston Co., L.P.A., and Thomas M. Tyack, for appellants.

CONNOR, Judge.

{¶ 1} Defendant-appellant, Donna L. Barnes ("Donna"), appeals the judgment granted by the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Betty Weyand ("Betty"), imposing a constructive trust in the amount of $37,006.71 over Donna's assets. For the reasons that follow, we reverse the judgment of the trial court.

{¶ 2} This is the second time this matter has come before this court. See *Weyand v. Barnes*, 10th Dist. No. 08AP–857, 2009-Ohio-3239, 2009 WL 1911823. The dispute underlying this appeal regards the rights to money that Kathleen Morris ("Kathleen") held in three separate bank accounts. As background, Kathleen was Donna's mother and was Betty's sister-in-law. Additionally, Kathleen was the grandmother of Keith Barnes ("Keith"), who was originally a party in this matter but is no longer involved in this appeal.

Kathleen died on June 5, 2005. On June 7, 2005, Keith closed the 1755 account that held $82,556.91, and transferred the entire amount to Donna. Also on this date, Keith closed the [1460] account that held $74,013.42, and had a check prepared payable to Donna. On June 22, 2005, the 5081 account was closed, and the money was given to Donna. In essence, it is undisputed that all of the monies at issue in this matter were given to Donna.

Id. at ¶ 6.

{¶ 3} To assert her right to portions of that money, Betty presented a claim for unjust enrichment and for the imposition of a constructive trust. Betty's claim for a constructive trust proceeded to a jury trial, which was presided over by a magistrate. During the trial, two motions for a directed verdict were overruled.

At the close of the trial, the jury returned a general verdict in favor of Betty in the amount of $4,000 as to Donna and $78,285.26 as to Keith. The trial court entered judgment imposing a constructive trust over the separate assets of Donna and Keith for those amounts. Donna and Keith appealed.

{¶ 4} In the first appeal, we analyzed the different types of accounts and their legal implications. After conducting this analysis, we affirmed and reversed portions of the trial court's judgment. Specifically, we upheld the imposition of a constructive trust over $4,000 of Donna's assets, which regarded the money from account 5081. *Weyand*, 2009-Ohio-3239, 2009 WL 1911823, at ¶ 32. According to the record, that money is currently being held in counsel's trust account.

{¶ 5} We then analyzed the imposition of a constructive trust over $78,285.56 of Keith's assets, which represented 50 percent of the money withdrawn from account 1755 and 50 percent of the money withdrawn from account 1460. Id. at ¶ 25. With regard to account 1755, we noted that it had no survivorship provision, which was conclusive evidence that Kathleen did not intend to transfer a survivorship interest to joint parties with regard to the money from account 1755. Id. at ¶ 23. Therefore, we held: "Betty was not entitled to any portion of this account upon Kathleen's death and as a result there is no basis for the imposition of a constructive trust." Id., citing *In re Estate of Pallay*, 4th Dist. No. 06CA46, 2007-Ohio-2754, 2007 WL 1620619. Accordingly, we concluded that the trial court should have granted a directed verdict in favor of Donna and Keith. Id. Therefore, to the extent that the constructive trust over the assets of Keith was based upon 50 percent of the money from account 1755, we invalidated that portion of the judgment in the first appeal.

{¶ 6} We then turned to the money withdrawn from account 1460. We explained the legal theory of tracing by stating, "[B]efore a constructive trust can be imposed, there must be adequate tracing * * *." Id. at ¶ 29, citing *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, ¶ 26. Generally, tracing involves the process of identifying the specific asset or identifiable product that is being wrongfully held. Id. We noted that Keith and Donna conceded that the funds from account 1460 had been withdrawn by Keith and transferred to Donna. After making this finding, we concluded that the judgment imposing a constructive trust over the assets of Keith was contrary to law and was not supported by clear and convincing evidence. We reversed and remanded portions of the first appeal for "further proceedings in accordance with law and consistent with this decision." Id. at ¶ 34.

{¶ 7} On remand, the only remaining dispute concerned 50 percent of the money withdrawn from account 1460, or $37,006.71. The parties presented arguments regarding their interpretations of our prior decision during a status conference before the trial court. Ultimately, the trial court agreed with Betty's

interpretation of our prior decision. This timely appeal followed and presents the following assignments of error:

    I. The trial court erred in failing to apply the principles of *res judicata* [to] the initial judgment of $4,000 (four thousand dollars) as to defendant-appellant, Donna Barnes and instead ordering a judgment for an additional $37,006.71 (thirty-seven thousand six dollars and seventy-one cents) as a constructive trust over her assets.

    II. The trial court erred in ordering a judgment of $37,006.71 (thirty-seven thousand six dollars and seventy-one cents) as a constructive trust against defendant-appellant, Donna Barnes when the jury verdict and judgment entry incident thereto was in the amount of $4,000 (four thousand dollars).

    III. The trial court erred in ordering a constructive trust against the assets of defendant-appellant, Donna Barnes in the amount of $37,006.71 (thirty-seven thousand six dollars and seventy-one cents) when no evidence tracking as to particular property was presented to the court.

{¶ 8} Because we find Donna's third assignment of error to be dispositive of this matter, we will consider it first in our analysis. This assignment of error regards the issue of tracing and stems from the parties' interpretations of our decision in the first appeal.

{¶ 9} The Supreme Court of Ohio has explained:

A constructive trust is a " 'trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.' " (Footnotes omitted.) *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 225, 9 OBR 565, 459 N.E.2d 1293, quoting 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221. A constructive trust is considered a trust because " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' " Id. at 225, 9 OBR 565, 459 N.E.2d 1293, quoting *Beatty v. Guggenheim Exploration Co.* (1919), 225 N.Y. 380, 386, 389, 122 N.E. 378.

A constructive trust is an equitable remedy that protects against unjust enrichment and is usually invoked when property has been obtained by fraud. *Ferguson*, 9 Ohio St.3d at 226, 9 OBR 565, 459 N.E.2d 1293; *Aetna Life Ins. Co. v. Hussey* (1992), 63 Ohio St.3d 640, 642, 590 N.E.2d 724. "[A] constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was

acquired without fraud." *Ferguson*, 9 Ohio St.3d at 226, 9 OBR 565, 459 N.E.2d 1293, citing 53 Ohio Jurisprudence 2d (1962) 578–579, Trusts, Section 88; V Scott on Trusts (3d Ed.1967) 3412, Section 462. "In applying the theories of constructive trusts, courts also apply the well known equitable maxim, 'equity regards [as] done that which ought to be done.'" *Ferguson*, 9 Ohio St.3d at 226, 9 OBR 565, 459 N.E.2d 1293.

The party seeking to have a constructive trust imposed bears the burden of proof by clear and convincing evidence. *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, paragraph three of the syllabus.

*Cowling* at ¶ 18–20.

{¶ 10} The Third Appellate District explained the principles of tracing in *Dixon v. Smith* (1997), 119 Ohio App.3d 308, 695 N.E.2d 284. Specifically, *Dixon* held that a claimant who is attempting to establish a constructive trust must "trace the funds to an identifiable product." Id. at 320, citing *State ex rel. Marietta v. Groves* (Aug. 9, 1985), 4th Dist. No. 84 X 7, 1985 WL 8297.

A constructive trust is not a right to recover on a debt owing; it creates a right to recover property wrongfully held. *Staley v. Kreinbihl* (1949), 152 Ohio St. 315, 40 O.O. 361, 89 N.E.2d 593. Therefore, a trust will follow property through all changes in its state and form so long as such property, its product, or its proceeds are capable of identification. 91 Ohio Jurisprudence 3d (1989), Trusts, Section 270. Because identification is crucial to permit recovery of the wrongfully held property, tracing is fundamental to a constructive trust.

Id. In *Cowling*, the Supreme Court upheld these principles when it held:

"Tracing is a process where the claimant basically must be able to point to the identifiable property or fund and say, 'This is mine.' If the funds or property are untraceable—meaning the claimant cannot determine where they were deposited or what the debtor has done with them—the equitable remedy is not available."

*Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, at ¶ 21, quoting Ashley S. Hohimer, Constructive Trusts in Bankruptcy: Is an Equitable Interest in Property More Than Just a "Claim"? (2003), 19 Bankr.Dev.J. 499, 510–511. Finally, *Cowling* held: "A claimant * * * must specify the particular property over which the constructive trust is to be placed." Id. at ¶ 24. "A constructive trust is an equitable remedy that must be imposed on particular assets, not on a value." Id. at ¶ 25.

{¶ 11} In her third assignment of error, Donna argues that Betty never fulfilled her obligation to prove the required element of tracing. She further argues that the issue was never even submitted to the jury. Donna contends that

after proceeding through the process of tracing, it becomes clear that the money from account 1460 was received by her as executor of Kathleen's estate and thereafter distributed in accordance with Kathleen's will. She refers to the testimony in the record in addition to probate documents demonstrating this fact. On the other side, Betty argues that the issue of tracing did not come up until Keith first raised the argument in the first appeal. Furthermore, Betty argues that the jury found the requisite tracing when it rendered its verdict, and our decision in the first appeal affirmed this finding.

{¶ 12} As a preliminary matter, we feel compelled to explain the extent and reach of our decision in the first appeal. On remand, the parties and trial court focused almost exclusively on ¶ 30 of our prior decision. We believe it may be beneficial to explain the context of this paragraph in relation to the first appeal.

{¶ 13} The first and second assignments of error in the first appeal generally challenged the imposition of a constructive trust over the assets of Keith in the amount of $78,285.56. More specifically, the first assignment of error presented the argument that a directed verdict should have been granted in favor of Keith. To an extent, we agreed and sustained in part the first assignment of error as it related to account 1755. Therefore, we invalidated the portion of the judgment imposing a constructive trust over Keith's assets that related to 50 percent of the money from account 1755.

{¶ 14} Our disposition of the first assignment of error necessarily narrowed the scope of the second assignment of error. Indeed, based upon our disposition of the first assignment of error, the second assignment of error concerned the imposition of a constructive trust over the assets of Keith only with regard to 50 percent of the money from account 1460. This assignment of error presented the argument that the judgment as to the assets of Keith was contrary to law and was not supported by clear and convincing evidence. Based upon the arguments presented and the evidence in the record, we agreed and found that Keith had sufficiently demonstrated that he had transferred the money from account 1460 to Donna. As a result, it was clear that the money had been traced beyond Keith in that he was not wrongfully holding the $37,006.71. We therefore found that the judgment imposing a constructive trust over the assets of Keith was contrary to law and not supported by clear and convincing evidence.

{¶ 15} Notably, neither the first nor second assignments of error had any relation to Donna's assets. Therefore, to decide the first and second assignments of error, we had no reason to consider whether the imposition of a constructive trust over the assets of Donna in the amount of $37,006.71 was proper and supported by the evidence in the record. We must consider this context when analyzing the statement "it would appear the constructive trust would have to be placed over the assets currently held by Donna, rather than Keith." *Weyand,*

2009-Ohio-3239, 2009 WL 1911823, at ¶ 30. With this backdrop, we classify the foregoing statement as dicta. Indeed, it was unnecessary in determining whether the judgment imposing a constructive trust against the assets of Keith was contrary to law or supported by clear and convincing evidence.

{¶ 16} At the most basic level, the second assignment of error in the first appeal challenged the tracing to Keith, while the third assignment of error in the instant appeal challenges the tracing to Donna. In both appeals, however, Betty has asked us to affirm a judgment where the requisite element of tracing was not fully completed. Indeed, in the instant matter just as she did in the first appeal, Betty asks us to affirm a judgment when the element of tracing stops somewhere short of tracing the money to its final state or form.

{¶ 17} It is telling that Betty indicates that the issue of tracing did not arise until after the trial concluded. This occurred in spite of the fact that it was a fundamental element that Betty was required to prove by clear and convincing evidence during trial. After judgment was rendered, Betty proceeded as if she had a garden-variety judgment for a debt due and owing. She forced Donna and Keith to undergo judgment-debtor exams, which resulted in the garnishment of Keith's wages. Because a constructive trust is supposed to pinpoint a specifically identifiable asset, the process Betty undertook is contrary to the fundamental principles of imposing constructive trusts.

{¶ 18} After an exhaustive review of the record, it is clear that Betty never demonstrated what state or form the money from account 1460 had taken. While Betty argues that a constructive trust is an equitable remedy that should be fashioned to promote the principles of equity, our hands are tied in the instant matter. When a " 'claimant cannot determine where [the funds] were deposited or what the debtor has done with them—the equitable remedy is not available.' " *Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, at ¶ 21, quoting Ashley S. Hohimer, Constructive Trusts in Bankruptcy: Is an Equitable Interest in Property More Than Just a "Claim"? (2003), 19 Bankr.Dev.J. 499, 510–511. While the $4,000 withdrawn from account 5081 was properly traced to counsel's trust account, the same cannot be said of the money withdrawn from the 1460 account. The reason this issue did not come to light earlier stems from the arguments presented in the first appeal. Based upon the arguments presented in the instant matter, however, it is clear that the money has been traced beyond Donna. Therefore, the imposition of a constructive trust over unspecified assets of Donna cannot stand. Indeed, the imposition of a constructive trust over unspecified assets amounts to a contradiction in legal terms.

{¶ 19} Based upon the foregoing, we sustain appellant's third assignment of error and render moot her first and second assignments of error. We therefore reverse and remand this matter to the Franklin County Court of Common Pleas

with instructions for it to vacate the portion of the judgment imposing a constructive trust over $37,006.71 of Donna's unspecified assets.

Judgment reversed<br>and cause remanded.

SADLER and FRENCH, JJ., concur.